UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRADLEY MEISNER

    Plaintiff,

vs.

VKB HOMES, LLC, and RICHARD HERMANSON,

    Defendants.

Case No.

# COMPLAINT

The plaintiff, by his attorney Lawrence Bensky, alleges as follows:

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Wisconsin Wage Claim Statute, Wis. Stat. ch. 109, and Wisconsin common law to recover compensation the defendants owe the plaintiff, Bradley Meisner.

## JURISDICTION AND VENUE

2. The Court has jurisdiction of the FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391.

## PARTIES

4. The plaintiff is an adult resident of Wisconsin.

5. Defendant VKB Homes, LLC, is a Wisconsin limited liability company that is in the home remodeling business. It has employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce. On information and belief, VKB Homes, LLC, has had gross annual sales or business done of at least $500,000 annually since 2015.

6. Defendant Richard Hermanson manages and directs the operations of VKB Homes, LLC. (Unless otherwise indicated, the defendants will be jointly referred to as VKB).

## FACTS

*Overtime*

7. At all relevant times, VKB was in the home remodeling business. It employed Mr. Meisner as a construction worker and crew leader from about mid-September 2015 through July 12, 2016, the day after it informed him of his termination. Mr. Meisner was a non-exempt employee under the FLSA and Wisconsin law, but VKB treated him as exempt.

8. On November 16, 2015, Mr. Meisner and VKB signed an agreement stating that he would earn "a weekly pre-taxed salary of $1,100 per week."

9. The parties agreed that the salary amount was based on 40 hours per week at an hourly rate of $27.50 per hour. In April 2016, VKB increased Mr. Meisner's hourly pay to $29.38 – $1,175.20 weekly based on 40 hours per week.

10. The parties agreed that Mr. Meisner was required to work 40 hours per week and that he could offset hours less than 40 in a week with vacation time, making up the time, or otherwise with the permission of defendant Hermanson.

2

11. For the period from about mid-November 2015 until the end of 2015, VKB characterized Mr. Meisner's wages as "salary;" for the payroll periods beginning on January 4, 2016, through his termination, VKB characterized Mr. Meisner's wages as "hourly."

12. VKB's payroll records show Mr. Meisner's cumulative 2015 wages as $6,600, in the form of a weekly salary of $1,100. For the payroll period of December 28, 2015-January 3, 2016, paid on January 4, 2016, the payroll records show his wages as $1,100 salary and cumulative 2016 salary as $1,100. For the remainder of 2016, VKB payroll records show Mr. Meisner's salary as "0.00," with no change to the cumulative 2016 salary of $1,100. His final payroll record shows cumulative hourly wages of 29,662.24.

13. The 2016 payroll records show Mr. Meisner weekly wages as $27.50 per hour for a 40-hour week through the payroll period ending April 17, 2016 and as $29.38 per hour for a 40-hour week for the remainder of his employment. Accurate copies of the VKB payroll records for weekly periods ending on December 27, 2015, January 3, 2016, April 17, 2016, April 24, 2016, July 10, 2016, and July 17, 2016 are attached to and incorporated in this Complaint as Exhibit A.

14. On about July 29, 2016, Mr. Meisner filed a Labor Standards Complaint with the Wisconsin Department of Workforce Development ("DWD"), pursuant to Wis. Stat. § 109.09. During its investigation of the claim, DWD concluded that Mr. Meisner was a non-exempt employee under Wisconsin law, that for pay periods beginning on December 7, 2015 and ending on July 3, 2016, Mr. Meisner worked 116.5 hours overtime

3

compensable under Wisconsin law, and that VKB had not paid him any of the amount due under Wisconsin law for overtime hours worked.

15. On January 10, 2018, DWD issued a Final Determination concluding that VKB owed Mr. Meisner overtime wages of $1,413.63. It reached that amount by first calculating Mr. Meisner's "regular rate" as fluctuating from week to week based on the actual hours worked (the "fluctuating workweek method"); using that method, it then calculated the overtime amount due for each week by multiplying the "regular rate" for each week by 50 percent for hours worked over 40.

16. DWD erred in using the fluctuating workweek method to determine the amount of overtime wages due to Mr. Meisner. Instead, it should have found that the regular rate was Mr. Meisner's hourly rate based on 40 hours per week - $27.50 for payroll periods through April 17, 2016 and $29.38 for the remaining payroll periods; it then should have found that Mr. Meisner was entitled to overtime wages of $4,977.65, based on multiplying the overtime hours for each week by 150 percent (the "time-and-a-half" method").

17. In the Final Determination, DWD asked VKB to pay Mr. Meisner the overtime wages and stated that if payment was not made it might refer the matter to the District Attorney for litigation to collect the amount due and for appropriate statutory penalties, including criminal penalties. Accordingly, VKB paid Mr. Meisner $1,413.63 for unpaid overtime.

18. Under the FLSA, the amount of overtime wages due for each week are calculated by using either the time-and-a-half or the fluctuating workweek method. Accordingly,

any amount of overtime wages due under the FLSA should be offset by the amount paid - $1,413.63 – under state law.

19. VKB knew, or showed reckless disregard as to whether, its failure to pay overtime violated the Act.

20. The defendants' failure to timely pay Mr. Mesiner the overtime wages due him was willful.

21. VKB did not act in good faith when it failed to pay overtime wages to Mr. Meisner.

22. VKB did not have reasonable grounds to believe that its failure to pay overtime wages to Mr. Meisner was not a violation of the FLSA.

*Referral Wages*

23. VKB's practice was to pay referral wages to employees for referring customers who entered contracts with VKB for remodeling work. Under that policy, VKB paid Mr. Meisner $528 for making a successful referral.

24. After it fired Mr. Meisner, VKB unilaterally decided it had a conflict of interest and, at VKB's request, the customer agreed to rescission of the remodeling contract.

25. Mr. Meisner earned and was entitled to the referral wages that had been paid to him. Nevertheless, VKB deducted the amount of the referral fee from his final paycheck, without a legitimate basis for doing so.

*Deductions for Tools*

26. VKB and Mr. Meisner agreed that he was entitled to retain tools to replace tools of his own that he used on behalf of VKB.

5

27. Soon after his termination, Mr. Meisner identified to VKB tools that he believed he was entitled to retain. Of the tools he identified, he retained two.

28. Without a legitimate basis for doing so, and without requesting the return of the tools, VKB deducted from his final paycheck the estimated value ($398.60) of the tools identified. When informed that Mr. Meisner retained only two of the identified tools, VKB refused to reimburse him for the tools Mr. Meisner did not retain.

29. VKB maliciously defamed Mr. Meisner by asserting that he was a thief, even though he informed VKB that he would retain tools he believed he was entitled to.

*Partial Day Wage and Vacation Pay*

30. DWD found that VKB owed Mr. Meisner wages of $235.04 for his work on July 12, 2016 and vacation pay of $205.66. Mr. Meisner was entitled to those amounts. As a result of the DWD Final Determination, VKB paid those amounts to Mr. Meisner. Together with overtime wages, VKB paid Mr. Meisner $1,854.66 as determined by DWD.

## CLAIM FOR RELIEF UNDER FLSA

31. Mr. Meisner incorporates the allegations of paragraphs 1-30 above.

32. Mr. Meisner was covered by and entitled to overtime wages under the FLSA.

33. VKB unlawfully failed to pay Mr. Meisner the overtime wages due him.

34. Mr. Meisner is entitled to liquidated damages of 100 percent of overtime wages due him and overtime wages VKB paid pursuant to the DWD Final Determination.

## STATE LAW CLAIMS

35. Mr. Meisner incorporates the allegations of paragraphs 1-34 above.

36. Mr. Meisner was entitled to overtime wages and other wages as described above under Wisconsin statutory and common law.

37. VKB unlawfully failed to pay Mr. Meisner the wages due him.

38. Mr. Meisner is entitled to civil penalties under Wis. Stat. § 109.11(2).

## RELIEF REQUESTED

The plaintiff requests relief as follows:

    A. Overtime wages;

    B. Liquidated Damages under the FLSA;

    C. Wages for deductions of referral wages and for tools;

    D. Civil penalties under Wis. Stat § 109.11(2);

    E. Pre-judgment interest;

    F. Reasonable attorney fees;

    G. Costs and disbursements; and

    H. Such other relief as the Court deems just and proper.

The plaintiff requests a trial by jury.

Dated:  February 24, 2018

                                    s/ Lawrence Bensky
                                   _____

                                    Lawrence Bensky
                                    State Bar Number: 1017219
                                        Attorney for Bradley Meisner

Law Office of Lawrence Bensky, LLC
10 East Doty St., Suite 800
Madison, Wisconsin 53703
Phone: (608) 204-5969
Email: lbensky@benskylaw.com